UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN CEDRIC KING,

        Petitioner,                      Case Number: 2:22-CV-12217
                                                      Honorable Nancy G. Edmunds

v.

NOAH NAGY,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Adrian Cedric King, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal convictions and sentences. Petitioner was convicted of assault with intent to commit murder, felon in possession of a firearm, discharge of a firearm toward a building, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court. In 2005, the trial court sentenced Petitioner as a third habitual offender to 35 to 70 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, a concurrent term of two to four years imprisonment on the discharge of a firearm conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In 2007, Petitioner filed a § 2254 petition, in which he claimed that his convictions

were supported by insufficient evidence. The petition was denied on the merits. *King v. Capello*, No. 07-15134, 2011 WL 164230, at *1 (E.D. Mich. Jan. 18, 2011) (Lawson, J.). The Sixth Circuit Court of Appeals dismissed the appeal for want of prosecution. *King v. Sherry*, No. 14-1305 (6th Cir. Apr. 29, 2014).

The Sixth Circuit Court of Appeals has subsequently denied Petitioner authorization to file a second or successive federal habeas petition on at least four occasions. *See In re King*, No. 21-1468 (6th Cir. Sept. 30, 2021); *In re King*, No. 18-2206 (6th Cir. Mar. 11, 2019); *In re King*, No. 17-2040 (6th Cir. Jan. 23, 2018); *In re King*, No. 15-1068 (6th Cir. July 13, 2015).

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

Petitioner's 2007 habeas petition challenged the same convictions at issue in this petition and was denied on the merits. Therefore, the current petition is successive to the 2007 petition and Petitioner was required to seek preauthorization from the Court of Appeals before filing the

2

petition here, which he did not do.  When a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired permission from the Court of Appeals to file a second or successive petition.  Accordingly, the Court ORDERS the Clerk of Court to transfer Petitioner's case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of the petition.

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
United States District Judge

DATED:  October 18, 2022